## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into by and between Housing Opportunities Made Equal of Virginia, Inc. ("HOME") and Wisely Properties, LLC and Multifamily Management Services, Inc. (jointly "Wisely").  HOME and Wisely are hereinafter at times referred to collectively as the "Parties."

## RECITALS

WHEREAS, HOME conducted an investigation of Wisely's rental practices at Sterling Glen Apartments ("Sterling Glen") in Chesterfield, Virginia, and as a result of that investigation, raised concerns with Wisely.  HOME subsequently filed a complaint against Wisely in U.S. District Court for the Eastern District of Virginia, Richmond Division, challenging Wisely's alleged use of a criminal background screening criterion and alleging that the practice failed to comply with the federal Fair Housing Act and the Virginia Fair Housing Law (the "Matter").

WHEREAS, HOME's complaint alleges that Wisely maintains and enforces a blanket ban on felonies; in other words that Wisely uses a policy of automatically excluding any person with a record of a felony conviction from renting or living in an apartment at Sterling Glen. HOME alleges that Wisely's policy discriminates based on race.  The complaint also alleges that the legitimate business concerns justifying the criminal history screening of Wisely's housing applicants can be more narrowly tailored to eliminate any potentially discriminatory disparate impact on the basis of race.

WHEREAS, Wisely denies that its policy of criminal history background screening of housing applicants results in any discriminatory effects in violation of the Fair Housing Act and the Virginia Fair Housing Law.

WHEREAS, both Parties nonetheless share a common goal of ensuring that Wisely's rental opportunities are made available in a nondiscriminatory manner.

WHEREAS, by entering into this Agreement the Parties intend to fully resolve all of the claims asserted against Wisely by HOME in its Complaint.

NOW, THEREFORE, in consideration of the promises and covenants contained herein, and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## TERMS OF THE SETTLEMENT AGREEMENT

Based upon the foregoing recitals, which are incorporated herein by this reference, it is hereby agreed by the Parties to this Settlement Agreement that:

## I. NONDISCRIMINATION

1.  Wisely and their officers, employees, agents, representatives, assignees, and successors in interest, and all those in active concert or participation with any of them, shall not discriminate or retaliate against any person based on race, color, religion, national origin, disability, familial status, sex, or because a person has exercised rights protected by the Fair Housing Act, 42 U.S.C § 3601 *et seq.* or the Virginia Fair Housing Law, VA. CODE ANN. §§ 36–96 *et seq.*

## II. ADOPTION OF POLICIES AND PRACTICES

2.  Within thirty (30) days from the Effective Date, Wisely shall adopt and implement at Sterling Glen the Criminal Background Policy and corresponding attachments (the Conditional Offer Letter, the Request for Additional Information on Criminal Background, and the Criminal Background Adverse Action Letter) that are included as Exhibit A.

3.  Wisely shall take the following steps to notify the public of their Nondiscrimination Policy:

    a.  Continue to prominently post at the rental office of Sterling Glen a fair housing sign

no smaller than ten (10) inches by fourteen (14) inches that indicates that all apartments are available for rent on a nondiscriminatory basis.

b.  Include the words "Equal Housing Opportunity" and/or the fair housing logo in all rental advertising conducted by Wisely, or their agents or employees, in newspapers, flyers, handouts, telephone directories, websites hosted by Wisely, and other written materials; on radio, television, online, or other media broadcasts; and on all billboards, signs, pamphlets, brochures and other promotional literature, provided that this requirement does not compel Wisely to advertise in any of these media, but does require compliance with this provision whenever Wisely so advertises. The words and/or logo shall be located on the first page or cover of any written advertising materials, and shall be easily readable.

c.  Include at least the following phrase in the standard rental application and the standard rental agreement used for Sterling Glen in boldface type, using letters of equal or greater size to those of the text in the body of the document:

*We are an equal housing opportunity provider. We do not discriminate on the basis of race, color, sex, national origin, religion, disability or familial status.*

d.  Include on their rental application the following language:

*Have you ever been convicted of a felony?  A felony conviction will not automatically disqualify you from living here.  Felony convictions within the last five years will be evaluated on an individual basis considering the nature and severity of the conviction, the length of time since conviction, and any other mitigating circumstances you may wish to provide.  All decisions regarding criminal history background are at the sole discretion of management in compliance with our established policies, and are made in accordance with all applicable fair housing laws. If you have questions about this, please ask us.  Failure to disclose a felony conviction may be grounds for denial of an application.*

## IV.  TRAINING

4.  Within thirty (30) days from the Effective Date, Wisely shall provide a copy of the attachments in Exhibit A to their agents and employees involved in showing, renting, or managing any dwelling unit at Sterling Glen Apartments.

5.  Wisely confirms that all its employees at Sterling Glen Apartments have received independent, third party training on fair housing within the 60 day period proceeding the Effective Date. Within thirty (30) days from the Effective Date, Wisely's managers, agents, and employees involved in showing, renting, or managing any dwelling unit at Sterling Glen Apartments shall undergo in-person training on the new criminal background policy provided for under this Agreement.  The training shall be conducted by a qualified party, approved in advance by HOME and its counsel, and any expenses associated with this training shall be borne by Wisely.   Wisely shall provide to HOME and its counsel a list of all persons attending this training within thirty (30) days after it is conducted.

6.  All of Wisely's new hires at Sterling Glen after the date of the in-person training shall receive training on fair housing law requirements, and to the extent the new hire is involved in the showing, renting, or managing of any dwelling unit, the criminal background policy, as part of Wisely's regular on-boarding and training process.

## V.  RECORDKEEPING

7.  Wisely shall maintain records for a period of two (2) years, including but not limited to documents relating to the application of its criminal background policy adopted here. Wisely shall make the information described below available for inspection by HOME upon written request electronically and/or at a mutually convenient time and place.  Any request for inspection must be made by the Executive Director of HOME or her designee within

HOME, and must be made directly to:

> Mr. Clay Wisely
> 240 N. Central Avenue, Suite A
> Staunton, VA 24401
> wiselycpa@cfw.com

No request for inspection shall be delivered to any employee of Sterling Glen Apartments.

The information subject to inspection shall consist of:

    a. A copy of each Conditional Offer Letter, Request for Additional Information and Criminal Background Adverse Action Letter issued by Wisely, and any related correspondence or information provided by the applicant.

    b. A record of the outcome as to each individual to whom a Conditional Offer Letter was issued.   This record may be in the form of a log, recording the name of the applicant and the date of the issuance of the Conditional Offer Letter, as well as the dates of any follow up communication with the applicant and the ultimate determination on the application.

## VI. COMPENSATION

8. Within thirty (30) days from the Effective Date, Wisely shall donate to HOME the amount of $15,000.00.  The payment shall be made by check to:

> Housing Opportunities Made Equal of Virginia, Inc.
> Attention: Heather Mullins Crislip
> President and CEO
> 626 East Broad Street, Suite 400
> Richmond, VA 23219

9. Within thirty (30) days from the Effective Date, Wisely shall pay to HOME an agreed upon amount for damages and fees in full and final settlement of all of HOME's claims against Wisely including, but not limited to, damages, attorneys' fees and costs.  The payment shall be made by check or wire transfer payable to Relman, Dane & Colfax PLLC at:

Relman Dane & Colfax PLLC
Attention: Sara Pratt
1225 19th Street NW
Suite 600
Washington, D.C. 20036

10. HOME will file a Joint Stipulation and Order of Dismissal with Prejudice for all claims asserted in the Litigation within ten (10) days after the payment described in Paragraphs 8 and 9 clears HOME's and HOME's Counsel's account. Wisely's signature on this Agreement constitutes permission for HOME to file the Stipulation and Order of Dismissal as a joint filing on behalf of the Parties, following review and approval by Wisely's counsel.

## VII. MUTUAL RELEASES

11. HOME and Wisely mutually release, acquit, and forever discharge each other with prejudice and subject to this Settlement Agreement from any and all claims, demands, causes of action, or liabilities, at law or in equity, arising out of the allegations in the Complaint filed in U.S. District Court, Eastern District of Virginia, Richmond Division. This release includes any and all claims or counterclaims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Matter or in any court, tribunal, or proceeding, including, but not limited to, claims of housing discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. or the Virginia Fair Housing Law, VA. CODE ANN. §§ 36–96 *et seq.*, and any and all related charges or complaints, including all statutory, tort, contract or other claims which were or might have been asserted by HOME or Wisely in any court or administrative process.

## VIII.  DISPUTE RESOLUTION

12. The Parties shall attempt to resolve informally any dispute or concern that may arise through application of the Criminal Background Policy, the corresponding letters, or any other issue that that may arise under this Agreement.  If during the term of this Agreement Wisely determines it is necessary to modify any portion of the criminal background policy, or the forms associated with it, Wisely will provide a copy of any proposed modification to HOME at least fourteen (14) days prior to the effective date of the proposed modification, and HOME shall have fourteen (14) days to consider the proposed modification in good faith.  If HOME does not object in writing to the proposed modification within the fourteen (14) day period, HOME will be deemed to have approved the modification.  If HOME objects in writing to the proposed modification, the Parties shall engage in good faith efforts to resolve the modification issue informally before seeking other action.

13. In the event any other dispute or concern arises regarding any other issue that may arise under this Agreement during the term of this Agreement, the Parties shall engage in good faith efforts to resolve the issue informally.  If the Parties are unable to resolve the issue within thirty (30) days, either Party may seek judicial relief in any appropriate court, provided that written notice is first provided to the other Party.

## IX.  MISCELLANEOUS TERMS

14. The term of this Agreement shall be two (2) years. The Parties may mutually agree to reasonable written extensions of time to carry out any of the provisions of this Agreement.

15. This Agreement constitutes the entire agreement of the Parties and may only be amended or modified in writing and executed by all Parties.

16. If any provision of this Agreement is declared invalid or unenforceable by a court having

competent jurisdiction, it is mutually agreed that this Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement. The Parties shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

17.  This Agreement may be executed in two or more counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute one and the same instrument and agreement. For purposes of executing this Agreement, a document signed and transmitted by facsimile or email shall be treated as an original document. The signature of any Party thereon shall be considered as an original signature, and the document transmitted shall be considered to have the same binding legal effect as an original signature on an original document.  The Effective Date of this Agreement shall be the last date on which it is signed by a Party.

18.  This Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Virginia.

This Settlement Agreement is hereby entered into and executed by:

HOME of Virginia, Inc.

Approved as to Form:

Glenn Schlactus
Tara K. Ramchandani
Sara Pratt
Orly May
RELMAN, DANE & COLFAX, PLLC
1225 19th St., NW, Suite 600
Washington, D.C. 20036-2456
Tel: 202-728-1888
Fax: 202-728-0848
gschlactus@relmanlaw.com
tramchandani@relmanlaw.com
spratt@relmanlaw.com
omay@relmanlaw.com

ACLU FOUNDATION OF VIRGINIA, INC.
Eden B. Heilman (VSB No. 93554)
Jennifer Safstrom (VSB No. 93746)
701 E. Franklin Street, Suite 1412
Richmond, VA 23219
(804) 644-8022 (Phone)
(804) 649-2733 (Fax)
eheilman@acluva.org
jsafstrom@acluva.org

Alejandro Agustin Ortiz
Joshua David Riegel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street—18th Floor
New York, New York 10004
Tel: (212) 549-2500
Fax: (212) 549-2654
ortiza@aclu.org
jriegel@aclu.org

9

This Settlement Agreement is hereby entered into and executed by:

_Clayton R Wisely_

Wisely Properties, LLC and
Multifamily Management
Services, Inc.

Approved as to Form:

_Theresa L Kitay_

Theresa L. Kitay
Attorney at Law
P.O. Box 597
Oak Island, NC  28465

**EXHIBIT A**

## STERLING GLEN CRIMINAL HISTORY POLICY

**Overview**

The property is committed to upholding fair housing principles and ensuring equal access to its property regardless of applicants' backgrounds. In determining whether to approve an applicant to live in the community, the property will conduct the following three-step process:

1) Income and Credit Screening;
2) Limited Criminal Background Screening; and
3) Individual Assessment.

Each step is described in detail below.

**Step One: Income and Credit Screening**

First, the property will review an applicant's income and conduct a credit screening. If an applicant meets the property's income and credit criteria, the property will provide an applicant with a conditional offer of tenancy. The form of this letter (the "Conditional Offer Letter") is attached as Appendix A.

**Step Two: Limited Criminal Background Screening**

Second, if the applicant has met the property's income and credit criteria and received a conditional offer, the property will conduct a limited criminal background screening for all individuals age 18 and older who will reside in the apartment.

The limited criminal background screening will only consider:

- Felony criminal convictions related to the following categories of offenses: (1) property offenses,[1] (2) major drug offenses,[2] (3) fraud offenses,[3] (4) major violent offenses against persons,[4] and (5) sex offenses[5]. Any other category of offense will not be considered. These categories were identified because they involve conduct by a person whose tenancy may present a current direct threat of harm to others or the risk of substantial damage to the property of others.

---

[1] Property offenses include theft, burglary, vandalism, arson and other criminal damage to property.
[2] Major drug offenses include drug trafficking and the sale, smuggling, manufacture, or distribution of any controlled substance. This includes unspecified controlled substances. It also includes all 1st or 2nd degree controlled substance offenses. Major drug offenses do not include simple possession of a controlled substance or drug paraphernalia, nor any past conduct that has since been decriminalized.
[3] Fraud offenses include identify theft, use of stolen checks, writing bad checks, counterfeiting, and forgery.
[4] Major violent offenses include assault, battery, and homicide.
[5] Sex offenses include rape, registration as a sexual offender, taking indecent liberties with a minor, pandering, sex trafficking, and sexual battery. Not included are victimless crimes such as prostitution or solicitation.

1

- Felony criminal convictions in the above listed categories where the conviction occurred within the last five years.

The property's limited criminal background screening will <u>not</u> consider arrests, charges, expunged convictions, convictions reversed on appeal, vacated convictions, offenses where adjudication was withheld or deferred, pardoned convictions, and sealed juvenile records. It will not treat people differently based on whether the applicant is on probation or parole.

**Step Three: Individual Assessment**

Third, if an applicant is identified as having a felony criminal conviction in one of the specified categories of offenses within the five years prior to the application ("covered criminal conduct"), the property will provide an individual assessment of the applicant's current situation before deciding whether to withdraw the conditional offer. The purpose of the assessment is to determine whether the applicant is able to fulfill the obligations of tenancy at the property.

The property will first send a written notice to each applicant identified as having covered criminal conduct that includes specific information from the background check that creates a concern. The notice will inform the applicant that covered criminal conduct was identified in the limited criminal background screening and will invite the applicant to provide additional information within fourteen (14) days for the property to consider. The requested information could include, for example, letters from parole officers, case workers, counselors, family members, or community organizations commenting on the applicant's responsible conduct and rehabilitation efforts. The form of this request letter (the "Additional Information Request Letter") is attached as Appendix B.

Based on information received from the applicant, as well as the information provided by the property's criminal background screening provider, the property will then conduct an individual assessment of each applicant identified as having covered criminal conduct. The property will consider all applicants equally and render decisions in a fair and consistent manner. The property will consider the following factors in determining whether to approve or reject the application:

- the facts or circumstances surrounding the criminal conduct;
- the age of the applicant at the time of the occurrence of the criminal offense;
- evidence of a good tenant or employment history before or after the conviction or conduct;
- evidence of rehabilitation efforts;
- the time that has elapsed since the occurrence of the conduct;
- any information about the applicant that indicates good conduct since the offense occurred;
- whether the conduct/conviction arose from the applicant's status as a survivor of domestic violence, sexual assault, stalking, or dating violence;
- whether the conduct/conviction arose from an applicant's disability, including mental illness; and
- any other information related to whether the applicant's specific criminal history creates the potential that the property's current residents, employees, or property will be exposed to a heightened risk of crime.

2

If an applicant does not provide information for the property's consideration within fourteen (14) days of the date of Additional Information Request Letter, the property will assess the applicant based upon available information obtained during the application process, including the information received from the property's credit and criminal background screening provider.

If, after the individual assessment described above, the property decides to reject an applicant, then on the day of such determination, the property will send to the applicant a Criminal Background Adverse Action Letter in the form attached hereto as Appendix C.

**Disclosure**

The property will disclose its three-step screening process to all applicants prior to the submission of an application.

**Appendix A**

**CONDITIONAL OFFER LETTER**

[Date]

Dear [Applicant Name],

Thank you for your recent application to Sterling Glen Apartments. Based on a review of your income and credit criteria, you are hereby advised that we are making you a conditional offer to rent at Sterling Glen. However, this offer is contingent upon a limited criminal background screening.

The limited criminal background screening will only include consideration of:

- Felony criminal convictions related to the following categories of offenses: (1) property offenses,[1] (2) major drug offenses,[2] (3) fraud offenses,[3] (4) major violent offenses against persons,[4] and (5) sex offenses.[5] Any other category of offense will not be considered. These categories were identified because they involve conduct by a person whose tenancy may present a current direct threat of harm to others or the risk of substantial damage to the property of others.
- Felony criminal convictions in the above listed categories where the conviction occurred within the last five years.

The property's limited criminal background screening will <u>not</u> consider arrests, charges, expunged convictions, convictions reversed on appeal, offenses where adjudication was withheld or deferred, pardoned convictions, vacated convictions, and sealed juvenile records. It will not treat people differently based on whether the applicant is on probation or parole.

If you are identified as having a criminal felony conviction in one of the specified categories of offenses within the five years prior to the application, Sterling Glen will conduct an individual assessment of your current situation before deciding whether to withdraw this conditional offer. As part of the individual assessment, Sterling Glen will send you a written notice, which includes the specific information from the background check that creates a concern. The notice will invite you to provide additional information within fourteen (14) days for the property to consider. The

---

[1] Property offenses include theft, burglary, vandalism, arson, and other criminal damage to property.
[2] Major drug offenses include drug trafficking and the sale, smuggling, manufacture, or distribution of any controlled substance. This includes unspecified controlled substances. It also includes all 1st or 2nd degree controlled substance offenses. Major drug offenses do not include simple possession of a controlled substance or drug paraphernalia, nor any past conduct that has since been decriminalized.
[3] Fraud offenses include identify theft, use of stolen checks, writing bad checks, counterfeiting, and forgery.
[4] Major violent offenses include assault, battery, and homicide.
[5] Sex offenses include rape, registration as a sexual offender, taking indecent liberties with a minor, pandering, sex trafficking, and sexual battery. Not included are victimless crimes such as prostitution or solicitation.

1

requested information could include, for example, letters from parole officers, case workers, counselors, family members, employers, teachers, or community organizations commenting on the applicant's responsible conduct and rehabilitation efforts.

Based on the information you provide as well as the information obtained through Sterling Glen's credit and criminal background screening provider, RealPage, Sterling Glen will conduct an individual assessment to determine whether you are able to fulfill the obligations of tenancy at the property. If, based on the individual assessment, Sterling Glen determines that you are not able to fulfill the obligations of tenancy, Sterling Glen will send you a notice withdrawing this conditional offer.

Sincerely,

[NAME]
[CONTACT INFORMATION]

## Appendix B

### REQUEST FOR ADDITIONAL INFORMATION ON CRIMINAL BACKGROUND

[Date]

Dear [Applicant Name],

Thank you for your recent application to Sterling Glen Apartments.

A limited criminal background check has indicated that you have been convicted of the following felony(ies) within the last five years:

- [CONVICTION(S)]

If you believe this information to be incorrect, you may contact RealPage, which can be reached at [ADDRESS] or by phone at [PHONE NUMBER]. We encourage you to contact RealPage to request a free copy of the criminal background report. If any discrepancies exist, you may open a dispute with RealPage in an attempt to rectify. You may also submit documentation to [EMAIL ADDRESS/MAILING ADDRESS] that establishes that an expunged conviction, a conviction overturned on appeal, or sealed juvenile records erroneously appeared. Such information will not be considered in the criminal background screening process.

If you do not believe that the criminal background check was in error and you have been convicted of the above listed felony(ies) within the last five years, in order to further evaluate your application, we are requesting that you provide us with any additional information that you would like us to consider. Please contact us at the number below and/or return this form by email to [EMAIL ADDRESS] or addressed to [MAILING ADDRESS] with any additional information.

If you would like us to consider additional information, please provide us with any of the following information (as applicable) **within fourteen (14) days of the date of this letter**:

- the date(s) of the conviction(s);
- your age when the conduct occurred;
- the specific crime(s) of which you have been convicted;
- the facts and circumstances of the criminal conduct;
- any rehabilitation efforts that you have undertaken;
- any evidence of proof of employment;
- any evidence of good rental history;
- letters of recommendation from case workers, counselors, therapists, probation/parole officers, community organizations, family members, employers, or teachers commenting on your responsible conduct and rehabilitation efforts (each letter is important);
- certificate of completion of a treatment program relevant to the conduct underlying the conviction;
- certificate of completion of an employment or vocational training program; and
- any additional relevant information that you would like Sterling Glen to consider.

Providing this information does not guarantee that your application will be approved.

3

If you have been convicted of the above listed felony(ies), Sterling Glen will consider whether to withdraw your conditional offer based on an individualized consideration of the following factors: (a) the facts or circumstances surrounding the criminal conduct; (b) your age at the time of the crime; (c) evidence of a good tenant and employment history; (d) evidence of rehabilitation efforts; (e) the time that has elapsed since the occurrence of the conduct; (f) any information about you that indicates good conduct since the offense occurred; and (g) any other factors related to whether your specific criminal history poses a threat to the safety and security of Sterling Glen's residents and associates or to the property. No single factor will be outcome determinative.

Sterling Glen will conclude its individualized consideration of your particular facts and circumstances **within thirty (30) days** after the date of this letter.

**If you do not provide the information requested in this letter within the fourteen (14) day period referenced above, we will conduct our assessment based solely on the information obtained in the application process, including the information received from Sterling Glen's credit and criminal background screening provider.**

Sincerely,

[NAME]
[CONTACT INFORMATION]

# APPENDIX C

## CRIMINAL BACKGROUND ADVERSE ACTION LETTER

[Date]

Dear [Applicant Name],

Thank you for your recent application to Sterling Glen Apartments.

We have reviewed your application and conducted an individualized assessment based on the following information:

[  ]  Information contained in consumer report(s) obtained from or through RealPage, which may include credit or consumer information from one or more credit bureaus or consumer reporting agencies;

[  ]  Information contained in the limited background check[6] conducted by RealPage;

[  ]  All of the information that you provided to us in response to our Request for Additional Information on Criminal Background, dated [Date of Reply to Request for Additional Information]. This information included [LIST INFORMATION PROVIDED BY APPLICANT].

[  ]  Other: _____

[*IF APPLICANT DID NOT PROVIDE INFORMATION IN RESPONSE TO LETTER*: You did not provide any additional information to us in response to our Request for Additional Information on Criminal Background, dated [Date of Request]. Accordingly, we reviewed only available information obtained during the application process, including the information received from Sterling Glen's credit and criminal background screening provider.]

Based on this individualized assessment, at this time, we are withdrawing our conditional offer to rent a unit at Sterling Glen Apartments because [description of the outcome of individualized review].

Sincerely,

[NAME]

---

[6] The limited criminal background screening only considered the following category of felony offenses in which the conviction occurred within five years prior to the application: (1) property offenses, (2) major drug offenses, (3) fraud offenses, (4) major violent offenses against persons, and (5) sex offenses. Any other category of offense was not considered. These categories were identified because they involve conduct by a person whose tenancy may present a current direct threat of harm to others or the risk of substantial damage to the property of others.

[CONTACT INFORMATION]

**NOTICE OF RIGHTS**

**You have certain rights under federal and state law with respect to your consumer report.**
If any person takes adverse action based in whole or in part on any information contained in a consumer report or credit report, you have the right to a disclosure of the information in your consumer file from the agency that provided such information, if you make a written request to them and provide proper identification within sixty (60) days of receiving this denial. The federal fair credit reporting act also provides that you are entitled to obtain from any nationwide credit reporting agency or credit bureau a free copy of your report in any twelve-month period. You have the right to directly dispute with the consumer reporting agency and/or credit bureau the accuracy and completeness of any information furnished by that agency or bureau and to provide a consumer statement describing your position if you dispute the information in your consumer file. If you believe the information in your consumer file is inaccurate or incomplete, you may call RealPage consumer relations department at [phone number]. RealPage will initiate the re-investigation of any disputed information.